# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PETER THIESSEN,

      Plaintiff,

      v.

CITY OF PLAINS, KANSAS,

      Defendants.

Case No. 26-1078-DDC-BGS

## MEMORANDUM & ORDER GRANTING
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

This matter comes before the Court on *pro se* Plaintiff Peter Thiessen's Application to Proceed without Prepaying Fees or Costs, which requests leave for Plaintiff to proceed *in forma pauperis* ("IFP").[1]  (Doc. 4, sealed.)  For the reasons set forth herein, Plaintiff's IFP application (Doc. 4) is **GRANTED**.  That stated, because of the Court's contemporaneously filed Report & Recommendation of Dismissal to the District Court, the undersigned Magistrate Judge directs that the Clerk shall <u>not</u> issue summons for service upon the Defendants at this time.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."  To succeed on an *IFP* motion, "the movant must show a financial inability to pay the required filing fees."  *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).  Proceeding *IFP* "in a civil case is a privilege, not a right – fundamental or otherwise."  *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998).  The decision to

---

[1] Because Plaintiff proceeds *pro se*, the Court construes his filings liberally and holds him to a less stringent standard than trained lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the Court does not assume the role of advocate for the *pro se* litigant.  *Hall*, 935 F.2d at 1110.

grant or deny *IFP* status under § 1915 lies within the district court's sound discretion.  *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

Based on the financial information provided by Plaintiff in his motion (Doc. 3, sealed) and affidavit of financial status (Doc. 3-1, sealed), the Court finds that his financial situation, when taking into account any income as well as debts and financial obligations, establishes his inability to pay the required filing fee and his access to the Court would be significantly inhibited if this motion was not granted.  Thus, the Court **GRANTS** his motion to proceed without prepayment of fees (Doc. 3, sealed.)

Because of the Court's contemporaneously filed Report & Recommendation of dismissal to the District Court, the undersigned Magistrate Judge directs that the Clerk shall not issue summons for service upon the Defendants at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's IFP application (Doc. 4) is **GRANTED**.  Pursuant to 28 U.S.C. § 1915(a)(1), Plaintiff may commence this action without prepayment of fees.

**IT IS FURTHER ORDERED** that, because of the Court's contemporaneously filed Report & Recommendation of Dismissal, the Clerk shall not issue summons for service upon the Defendants and the U.S. Marshals Service shall withhold service on Defendants until further order of the Court.

**IT IS SO ORDERED**.

Dated this 4th day of May, 2026, at Wichita, Kansas.

/s/BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge

2