## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PETER THIESSEN,

                                    Plaintiff,                    Case No. 26-1078-DDC-BGS

v.

CITY OF PLAINS, KANSAS,

                                    Defendant.

## MEMORANDUM AND ORDER

Before the court is United States Magistrate Judge Brooks G. Severson's Report and

Recommendation (Doc. 7). Judge Severson recommends that the court dismiss this case because

plaintiff's Complaint fails to state a claim. *Id.* at 12. She also recommends that the court deny

plaintiff's Motion for a Temporary Restraining Order (Doc. 5). *Id.* Plaintiff Peter Thiessen[1]

received notice of his right to object to the Report and Recommendation within 14 days of its

service under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). *Id.* The Report and

Recommendation also explained that plaintiff, to secure appellate review, must file any

objections within the 14-day period. *Id.*

The Clerk of the Court sent a copy of the Report and Recommendation to plaintiff by

certified mail, using the address plaintiff himself had provided to the court. *Id.* Service of the

Report and Recommendation was accomplished by "mailing it to [plaintiff's] last known

---

[1]    Because plaintiff appears pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court can't assume the role of his advocate. *Id.* Also, plaintiff's pro se status doesn't excuse him from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

address—in which event service [was] complete[d] upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *ReVoal v. Brownback*, No. 14-4076, 2014 WL 5321093, at *1 (D. Kan. Oct. 16, 2014). Mailing occurred on May 4, 2026, when the Clerk mailed the Report and Recommendation to plaintiff. Thus, the time for plaintiff to object expired on May 18, 2026.[2]

Plaintiff hasn't filed an objection. So, the court now can accept, adopt, and affirm the Report and Recommendation. And it does so. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Garcia v. City of Albuquerque*, 232 F.3d 760, 766–67 (10th Cir. 2000) (explaining under Fed. R. Civ. P. 72(b) a district court must make a de novo determination only for those portions of the report and recommendation to which a party specifically has objected).

Having reviewed plaintiff's Complaint (Doc. 1) and Judge Severson's Report and Recommendation (Doc. 7), the court determines that Judge Severson's analysis and conclusions are sound. The court dismisses plaintiff's Complaint (Doc. 1) without prejudice for failing to state a claim. *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (explaining that "ordinarily the dismissal of a pro se claim under Rule 12(b)(6) should be without prejudice"). And the court likewise denies plaintiff's Motion for Temporary Restraining Order (Doc. 5) because plaintiff—and this party's obvious since he hasn't stated a claim—hasn't shown that he's substantially likely to succeed on the merits. *See Mrs. Fields Franchising, LLC v. MFGPC*,

---

[2]    The mail sent to plaintiff was returned to the court as unclaimed. *See* Doc. 9 at 1. While it's unfortunate that this mailing never made it to plaintiff, the Federal Rules of Civil Procedure make service effective as soon as the mailing occurs. *See* Fed. R. Civ. P. 5(b)(2)(C). And our court's local rules place the onus on parties to ensure that their address is properly on file with the clerk. *See* D. Kan. Rule 5.1(b)(3). That plaintiff failed to do so is on him and no one else.

941 F.3d 1221, 1232 (10th Cir. 2019) (requiring a party to show it is substantially likely to succeed on the merits to secure preliminary injunctive relief).

That ruling leaves a final pending motion:  plaintiff's Motion to Expedite (Doc. 6).  The court grants this motion to the extent that it requests the rulings that this Order gives.  The court otherwise denies it.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Complaint (Doc. 1) is dismissed without prejudice.  The court directs the Clerk of the Court to close this case.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Temporary Restraining Order (Doc. 5) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Expedite (Doc. 6) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** the Report and Recommendation issued by United States Magistrate Judge Brooks G. Severson (Doc. 7) is **ACCEPTED, ADOPTED, AND AFFIRMED**.

**IT IS SO ORDERED.**

**Dated this 2nd day of July, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

3